In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00595-CV
_____


### IN RE DAVID DODSON

═══════════════════════════════════════════════

### Original Proceeding

═══════════════════════════════════════════════

### MEMORANDUM OPINION

In a mandamus petition, David Dodson seeks to compel the trial court to (1) vacate the trial court's order of December 10, 2008, which committed Dodson as a sexually violent predator pursuant to a judgment that was subsequently reversed on appeal, and (2) release Dodson from the custody of the Office of Violent Sex Offender Management (OVSOM). *See In re Commitment of Dodson*, 311 S.W.3d 194, 204 (Tex. App.—Beaumont 2010, pet. denied). We deny mandamus relief.

Issue one contends the trial court abused its discretion by refusing to rule on Dodson's Motion to Vacate Order of Civil Commitment. "Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal." *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). "A trial

1

court is required to consider and rule upon a motion within a reasonable time." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). "Determining what time period is reasonable is not subject to exact formulation." *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). "Moreover, no bright line separates a reasonable time period from an unreasonable one." *Id.*

Dodson does not say when he filed his motion, and he includes neither the motion nor the State's response in the mandamus record. *See* Tex. R. App. P. 52.3(k)(1)(A) (the appendix must contain a certified or sworn copy of "any other document showing the matter complained of"). The trial court conducted an evidentiary hearing on the motion on November 7, 2012. The trial court took the motion under advisement and evidently has not ruled on the motion.

Dodson testified that he was committed to a halfway house through the OVSOM program and is currently residing there. Dodson stated that he is currently on parole, and that he will be on parole until 2058. Dodson claimed he spoke with his parole officer and the officer would allow him to request a transfer of residence to his mother's home in Arlington but that "she would put in the plan for approval once the Court had notified her of its ruling if it would come in my favor." Dodson offered no testimony from the parole officer and no documentation from the Board of Pardons and Paroles. Assuming the trial court found Dodson's testimony to be credible, it is possible that for purposes of parole

any decision on a transfer of his residence awaits the retrial of the State's SVP commitment petition. Dodson has not shown that the trial court has left the motion pending for an unreasonable time. We overrule issue one.

Issue two contends the trial court abused its discretion by refusing to permit an oral hearing on Dodson's Motion to Enforce the Order of the Court of Appeals. Dodson omitted this motion from his mandamus record, but he provided submission orders that indicate that the trial court took the motion under advisement by written submission on November 16, 2012, and that on December 5, 2012 the trial court set for submission Dodson's Objection To Court's Refusal To Rule On Respondent's Motion To Vacate The Order of Civil Commitment and Objection To The Court's Refusal To Hear Respondent's Motion To Enforce The Order Of Appeals For The Ninth District Of The State of Texas. Considering the trial court conducted an evidentiary hearing on Dodson's first motion, Dodson has not shown that the trial court abused its discretion by failing to schedule evidentiary hearings on what appear to be reiterations of the same or similar matters addressed in the hearing of November 7, 2012. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (the relator must show that the trial court abused its discretion). We overrule issue two.

Issue three contends the trial court abused its discretion by instituting local rules that have not been approved by the Texas Supreme Court. The "local rules" Dodson claims deny access to the court by Dodson's counsel, the State Council for Offenders,

appear to be guidelines for scheduling hearings and presenting motions. Dodson has not shown that the trial court requires a procedure that is contrary to the Rules of Civil Procedure. Although he argues that he "is prohibited from contacting the Court to determine the Court's ruling in a fashion which would create a record of the Court's abuse and bias" Dodson neither identifies a Rule of Civil Procedure that has been violated by the trial court nor shows this Court that the trial court has effectively denied access to State Counsel for Offenders. *See generally* Tex. R. App. P. 52.3(g) ("Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record."). We overrule issue three.

Dodson argues that unless mandamus issues to require the trial court to rule immediately on Dodson's motion to vacate the commitment order he will be unlawfully confined from October 11, 2012 until February 4, 2013. Dodson is on parole, however, and he has not established that the State lacks the power to order him to reside at the halfway house. *See, e.g.,* Tex. Gov't Code Ann. § 508.181(b)(2)(D) (West 2012). The petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on January 2, 2013
Opinion Delivered January 24, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

4