

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-13-00111-CV**

**IN RE CHRISTOPHER ANTWON BLACKWELL**

_____

**Original Proceeding**

**MEMORANDUM OPINION**

Christopher Antwon Blackwell, a state jail inmate, seeks a mandamus against the Honorable Gary R. Coley, judge of the 74th District Court, and individuals, Kimberly Schott and Ella Ann Ruten. It is difficult to follow what Blackwell's current complaint is. This is in large part because he does not comply with the procedural requirements of mandamus practice—including, but not limited to, he has not provided the required certification nor has he filed the required appendix and record containing the documents upon which the relief is requested. *See* TEX. R. APP. P. 52.3(j), (k); 52.7. Thus, his petition lacks the focus necessary to assist the Court in deciding if he is entitled to

any relief. However, to expedite a decision in this proceeding, we use Rule 2 to suspend the rules and overlook these and other deficiencies. *See* TEX. R. APP. P. 2.

It appears at one point in Blackwell's petition that he wishes to file a section 1983 claim. If that is what he wishes to do, this is not the appropriate forum or procedure to do so. Generally, a writ of mandamus will issue only to correct a clear abuse of discretion by the trial court when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A mandamus will not issue as an alternate to filing a lawsuit, and the relief obtained by a mandamus proceeding is entirely different than the remedy from a section 1983 claim.

It also appears that Blackwell requests a mandamus to overturn the trial court's order terminating Blackwell's parental rights. An order terminating parental rights is a final, appealable order. *See* TEX. FAM. CODE ANN. § 109.002 (West Supp. 2012). Mandamus will not issue when there is an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Additionally, it appears that Blackwell complains about the trial court's failure to rule on his motion to change venue. Although the need to consider and rule on a properly filed and presented document is not a discretionary act but a ministerial one, a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty to act generally does not arise until the movant has brought the document to the trial

judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter with the clerk does not impute knowledge to the trial judge. *In re Samuelson*, No. 10-11-00460-CR, 2012 Tex. App. LEXIS 90, *4 (Tex. App.—Waco Jan. 4, 2012, orig. proceeding) (mem. op.).

Blackwell asks that we transfer all of his records to this Court. However, Blackwell bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Douthit*, No. 10-12-00121-CV, 2012 Tex. App. LEXIS 3542 (Tex. App.—Waco May 2, 2012, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Because no record, which would contain the motion to change venue, was included with Blackwell's petition, we have no way of knowing whether the motion has been pending for an unreasonable length of time, whether Blackwell brought the motion to the trial court's attention, and whether the trial court failed or refused to rule on the motion.

Accordingly, Blackwell's petition for writ of mandamus against the Honorable Gary R. Coley, is denied. Blackwell's request to have his records transferred to this Court is also denied.

Finally, this Court has jurisdiction to issue writs of mandamus only against a judge of a district or county court in our appellate district or in order to protect our jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (a), (b) (West 2004). Kimberly Schott and

Ella Ann Ruten are not judges, and Blackwell does not explain why a mandamus against these individuals is necessary to protect our jurisdiction.

Accordingly, Blackwell's petition for writ of mandamus against Kimberly Schott and Ella Ann Ruten is dismissed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition denied and petition dismissed
Opinion delivered and filed April 18, 2013
[OT06]