In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00052-CV


______________________________





IN RE: JASON BLAKENEY








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Opinion by Chief Justice Morriss



O P I N I O N


 Jason Blakeney has filed a petition for writ of mandamus in which he asks this Court to order
District Judge Clay Gossett to rule on two motions Blakeney states he filed against the mother of his
child and the mother's attorney. His purported motions seek an order of contempt against the mother
and sanctions against her attorney, based on the mother's alleged statements about him made to the
court and the attorney's purportedly outrageous contentions made in pleadings seeking to terminate
Blakeney's parental rights. Because the mandamus record is insufficient to support relief, we deny
Blakeney's petition.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992).

 A trial court is required to consider and rule on a properly filed and pending motion within
a reasonable time. See In re Shaw, 175 S.W.3d 901, 904 (Tex. App.--Texarkana 2005, orig.
proceeding); In re Tasby, 40 S.W.3d 190, 191 (Tex. App.--Texarkana 2001, orig. proceeding). In
proper cases, mandamus may issue to compel the trial court to act. In re Kleven, 100 S.W.3d 643,
644 (Tex. App.--Texarkana 2003, orig. proceeding); Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268,
269 (Tex. App.--San Antonio 1997, orig. proceeding); see also Eli Lilly & Co. v. Marshall, 829
S.W.2d 157, 158 (Tex. 1992) (trial court abuses discretion by refusing to conduct hearing and render
decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207 (Tex. App.--Houston [14th Dist.]
1990, orig. proceeding) (mandamus an appropriate remedy to require trial court to hold hearing and
exercise discretion). 

 While we have jurisdiction to direct the trial court to make a decision, we may not tell the
court what that decision should be. Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962);
State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001);
O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex. App.--Tyler 1993, orig. proceeding).

 Any such mandamus relief, however, must be predicated on an adequate showing that a
request for a ruling has been properly and adequately presented to the trial court and that the court
has declined to rule. Mandamus relief requires existence of a legal duty to perform a
nondiscretionary act, a demand for performance of that act, and a refusal to so act. Foreman v.
Jarrett, 796 S.W.2d 316, 317 (Tex. App.--Austin 1990, orig. proceeding).

 One problem with Blakeney's petition is that his record is insufficient because of its form. 
In this case, rather than attaching file-marked copies of the motions which he claims to have filed,
Blakeney has evidently retyped the entirety of various documents (including typed purported
filestamps indicating filing of the original document with the district clerk). Although he labels each
as a "Duplicate Copy," they are not copies of the originals, they are retyped representations
purporting to show the contents of such documents. (1) Given the state of today's technology, and the
ready ability to create photocopies of extant documents, we are not inclined to accept retyped
documents as adequate proof of the content of the actual documents themselves. We also note that,
although Blakeney has stated that the facts stated in his petition are true, there is no similar statement
as to the "duplicate copy" documents attached to his petition.

 For all practical purposes, Blakeney has included no record or appendix. See, e.g., Tex. R.
App. P. 52.3(j)(1) (necessary contents of appendix), 52.7(a) (record required to be filed).

 It is the relator's burden to provide this Court with a sufficient record to establish his or her
right to mandamus relief. Walker, 827 S.W.2d at 839-40; In re Pilgrim's Pride Corp., 187 S.W.3d
197, 198-99 (Tex. App.--Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3. Blakeney
has provided this Court with no adequate copy of any document that shows he is entitled to the
requested relief. See Tex. R. App. P. 52.3(j). On the record presented, we cannot say that Blakeney
has established a right to compel the trial court to hear and rule on his motions. See In re Burden,
No. 06-08-00020-CV, 2008 Tex. App. LEXIS 1120 (Tex. App.--Texarkana Feb. 15, 2008, orig.
proceeding) (mem. op.). For that reason alone we deny the petition. (2)

 Another problem with Blakeney's petition is that there is no showing that Blakeney's motions
have been brought to the attention of the appropriate trial court. The trial court is not required to
consider a motion unless it is called to the court's attention. In re Smith, No. 01-06-00532-CV, 2006
WL 2640617 (Tex. App.--Houston [1st Dist.] Sept. 14, 2006, orig. proceeding) (mem. op.); Metzger
v. Sebek, 892 S.W.2d 20, 49 (Tex. App.--Houston [1st Dist.] 1994, writ denied). Showing that a
motion was filed with the court clerk does not constitute proof that the motion was brought to the
trial court's attention or presented to the trial court with a request for a ruling. See In re Davidson,
153 S.W.3d 490, 491 (Tex. App.--Amarillo 2004, orig. proceeding); In re Chavez, 62 S.W.3d 225,
228 (Tex. App.--Amarillo 2001, orig. proceeding). For that reason, as well, we deny the petition.

 We further note that, even if Blakeney had established with a proper record (1) that the
motion for sanctions and motion for contempt exist in the form stated and were filed on the dates
indicated (November 13, 2007), (2) that motions to proceed were filed December 12, 2007, and
January 2, 2008, (3) that those motions were brought to the appropriate trial court's attention on a
timely basis, and (4) that court has known about them for some time, but not yet held a hearing on
them, we still would not reach the threshold necessary to grant the mandamus relief. There is also
no showing that a reasonable time to rule has expired.

 Trial courts are required to consider and rule on motions within a reasonable time. In re
Burden, No. 06-08-00013-CV, 2008 Tex. App. LEXIS 610, at *2-6 (Tex. App.--Texarkana Jan. 30,
2008, orig. proceeding) (mem. op.); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st
Dist.] 1992, orig. proceeding); Kissam v. Williamson, 545 S.W.2d 265, 266-67 (Tex. App.--Tyler
1976, orig. proceeding). Determining what time period is reasonable is not subject to exact
formulation. Whether the trial court has acted within a reasonable period of time depends on the
circumstances of the case. Barnes, 832 S.W.2d at 426. Moreover, no bright line separates a
reasonable time period from an unreasonable one. In re Keeter, 134 S.W.3d 250, 253 (Tex.
App.--Waco 2003, orig. proceeding); Chavez, 62 S.W.3d at 228.

 Although eighteen months is clearly too long, supporting mandamus relief, In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.--San Antonio 1998, orig. proceeding), as is thirteen months,
Kissam, 545 S.W.2d 265, the maximum possible delay posed here would not be so clearly
unreasonable. As pointed out by the Amarillo Court of Appeals,

 [A reasonable time to rule] is dependent upon a myriad of criteria, not the least of
which is the trial court's actual knowledge of the motion, its overt refusal to act on
same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Ex parte Bates, 65 S.W.3d 133
(Tex. App.--Amarillo 2001, orig. proceeding). So too must the trial court's inherent
power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S.W.2d 672, 694-95 (Tex. App.--Amarillo 1998, pet.
denied) (holding that a court has the inherent authority to control its own docket).


Chavez, 62 S.W.3d at 228-29.




 For all of these reasons, we conclude Blakeney has not shown himself entitled to the
extraordinary remedy of mandamus. Therefore, we deny his petition for writ of mandamus.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 14, 2008 

Date Decided: May 15, 2008
1. There is no suggestion that the pleadings or motions were lost.
2. Judge Gossett, named as respondent in Blakeney's petition, has filed a response indicating
that the court which should have been referenced in Blakeney's petition is the County Court at Law
of Rusk County, Texas, not the district court sitting in that county. In other words, Judge Gossett
has stated that he is not even the right judge to be the object of the petition. While the retyped
documents attached to Blakeney's petition recite that they were directed to the district court, we have
concluded that the form of Blakeney's attachments is inadequate as a record. Avoiding this sort of
fact dispute over the proper court is one excellent reason an adequate record is necessary.



inadequate or that
employees of the Body Shop knew the equipment was inadequate, because the statement was not
based on the mechanics' personal knowledge of the equipment owned by the Body Shop. This point
is overruled. 


 The judgment of the trial court is affirmed. 




 Ben Z. Grant

 Justice

 

Date Submitted: May 29, 2002

Date Decided: June 10, 2002


Do Not Publish