NO. 07-08-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 15, 2009
______________________________


IN RE R. WAYNE JOHNSON
_________________________________


Before CAMPBELL, HANCOCK and PIRTLE, JJ.
ON PETITION FOR WRIT OF MANDAMUS
          Relator R. Wayne Johnson, a Texas prison inmate acting pro se, filed a lawsuit in
the 223rd District Court. The Honorable Lee Waters, Judge of the 223rd District Court,
dismissed the suit and assessed costs of court against relator. Relator now has filed a
petition seeking a writ of mandamus directing Judge Waters to rescind his order dismissing
the suit and assessing costs.


 Because the mandamus record is insufficient to support any
relief, we deny the petition.
 
          A writ of mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion when there is no other adequate remedy by law. See In re D. Wilson
Const. Co., 196 S.W.3d 774, 780 (Tex. 2006). It is the relator’s burden to provide this
Court with a sufficient record to establish his right to mandamus relief. Tex. R. App. P.
52.3; In re Blakeney, 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, no pet.), citing
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). The mandamus record must
include every document that is material to the claim for relief and that was filed in the
underlying proceeding. Tex. R. App. P. 52.7. Here, the record consists only of the trial
court’s order of dismissal and the clerk’s notice of the judgment pursuant to Texas Rule of
Civil Procedure 306a(3). Tex. R. Civ. P. 306a(3).


 
          In his mandamus petition, relator contends the Gray County trial court lacked
jurisdiction over the suit relator filed there because he is housed in a facility located in
Potter County, and thus must bring actions in Potter County under § 15.019 of the Texas 
Civil Practice and Remedies Code.


 The documents provided by relator do not provide a
basis on which to evaluate this contention. Further, a reading of relator’s petition leads to
the conclusion his real quarrel is with the trial court’s assessment of costs against him. 
The record relator has provided us contains no information concerning the amount, if any,
of the costs actually assessed. A document filed with relator’s petition makes reference
to his indigency. On this record, we would not, therefore, be able to evaluate relator’s
entitlement to mandamus relief with respect to an assessment of costs.
           For the reason that relator has not provided us with a record demonstrating he is
entitled to the requested relief, and without expressing any opinion whether mandamus
relief would be available even on a more complete record, we must, and do, deny relator’s
petition. 
          It is so ordered.
James T. Campbell

Justice