NO. 07-08-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 15, 2009
_____

IN RE R. WAYNE JOHNSON
_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS

Relator R. Wayne Johnson, a Texas prison inmate acting *pro se*, filed a lawsuit in the 223rd District Court. The Honorable Lee Waters, Judge of the 223rd District Court, dismissed the suit and assessed costs of court against relator. Relator now has filed a petition seeking a writ of mandamus directing Judge Waters to rescind his order dismissing the suit and assessing costs.[1] Because the mandamus record is insufficient to support any relief, we deny the petition.

_____

[1] Relator is required to obtain permission to file civil suits because he has been declared to be a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 (Vernon 2002). It is on this basis, as well as under section 14.003 of the Civil Practice and Remedies Code, that the trial court dismissed relator's petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002).

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy by law. *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 780 (Tex. 2006). It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. Tex. R. App. P. 52.3; *In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, no pet.), *citing Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992). The mandamus record must include every document that is material to the claim for relief and that was filed in the underlying proceeding. Tex. R. App. P. 52.7. Here, the record consists only of the trial court's order of dismissal and the clerk's notice of the judgment pursuant to Texas Rule of Civil Procedure 306a(3). Tex. R. Civ. P. 306a(3).[2]

In his mandamus petition, relator contends the Gray County trial court lacked jurisdiction over the suit relator filed there because he is housed in a facility located in Potter County, and thus must bring actions in Potter County under § 15.019 of the Texas Civil Practice and Remedies Code.[3] The documents provided by relator do not provide a basis on which to evaluate this contention. Further, a reading of relator's petition leads to the conclusion his real quarrel is with the trial court's assessment of costs against him.

---

[2] We bring to relator's attention the 2008 amendment to the Texas Rules of Appellate Procedure, which replaced the prior requirement that all factual statements in a petition be verified by affidavit with a requirement, now contained in Rule 52.3(j), that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j).

[3] This section provides: "Except as provided by Section 15.014, an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." Tex. Civ. Prac. & Rem. Code Ann. § 15.019 (Vernon 2002).

The record relator has provided us contains no information concerning the amount, if any, of the costs actually assessed. A document filed with relator's petition makes reference to his indigency. On this record, we would not, therefore, be able to evaluate relator's entitlement to mandamus relief with respect to an assessment of costs.

For the reason that relator has not provided us with a record demonstrating he is entitled to the requested relief, and without expressing any opinion whether mandamus relief would be available even on a more complete record, we must, and do, deny relator's petition.

It is so ordered.

James T. Campbell
Justice

3