

**IN THE**

**TENTH COURT OF APPEALS**

_____

**No. 10-12-00039-CV**

**IN RE MATTHEW C. SHORT**

_____

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Based on our review of the substance of relator's petition for writ of mandamus and the fact that relator has not filed a record in this matter, we conclude that relator has not demonstrated himself entitled to the relief sought. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that the relator bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief); *see also In re Toyota Motor Corp.*, No. 10-11-00050-CV, 2011 Tex. App. LEXIS 9185, at *4 (Tex. App.—Waco Nov. 16, 2011, orig. proceeding) (mem. op.) ("Absent extraordinary

circumstances, mandamus ordinarily will not issue unless relator lacks an adequate remedy by appeal.").  Accordingly, relator's petition for writ of mandamus is denied.[1]


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Denied
Opinion delivered and filed February 8, 2012
[OT06]

---

[1] Relator's mandamus petition has numerous procedural deficiencies.  Relator's petition lacks several of the requirements outlined in Texas Rule of Appellate Procedure 52.3.  *See* TEX. R. APP. P. 52.3. In particular, relator failed to include a statement of the case, and he did not disclose "the name of the judge, the designation of the court in which the judge was sitting, and the county in which the court is located . . . ."  *See id.* at R. 52.3(d)(1)-(2).  In addition, relator's petition is not accompanied by "a properly authenticated transcript of any relevant testimony from any underlying proceeding" or "a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in the underlying proceeding."  *See id.* at R. 52.7(a)(1)-(2).  However, because of our disposition and to expedite this matter, we will implement Texas Rule of Appellate Procedure 2 to suspend these rules.  *See id.* at R. 2.