

IN THE

TENTH COURT OF APPEALS

_____

No. 10-12-00121-CV

IN RE SHANNON MARK DOUTHIT

_____

Original Proceeding

---

## MEMORANDUM OPINION

---

Shannon Mark Douthit presents his petition for writ of mandamus requesting this Court to compel the Honorable Trent Farrell, Judge of the 52nd District Court in Coryell County, Texas to rule on certain motions and on Douthit's underlying civil case. There are procedural problems with Douthit's petition but we use Rule 2 to look beyond those problems and proceed to the merits of the petition. TEX. R. APP. P. 2.

Douthit complains that the respondent has not ruled on four motions which Douthit has filed and has not ruled on Douthit's underlying civil cases. Douthit indicated in his petition that after a telephonic hearing, two of the motions were denied and the other two were reset for a later, undetermined time. Although the need to consider and rule on a properly filed and presented document is not a discretionary act

but a ministerial one, a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding).

However, none of these motions were included in the record for this petition, and Douthit presented no record that he has requested the hearing on the remaining two motions to be set. Further, it also appears from Douthit's petition that the underlying civil case was placed on the dismissal docket in March of this year. Douthit has presented nothing to indicate that the underlying case was either retained or dismissed. Douthit bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Samuelson,* No. 10-11-00460-CR, 2012 Tex. App. LEXIS 90 (Tex. App.—Waco Jan. 4, 2012, orig. proceeding) (mem. op.); *In re Mullins*, 10-09-00143-CV, 2009 Tex. App. LEXIS 7285, at *2, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Because he has not done so, his petition is denied.

Douthit also presented for filing with this Court a declaration of indigence with his petition for writ of mandamus. Under the circumstance of this case, we again use Rule 2 and grant Douthit's request to proceed without the advance payment of cost. TEX. R. APP. P. 2. Allowing Douthit to proceed without the advance payment of cost in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed May 2, 2012
[OT06]