

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00114-CV

## IN RE MATTHEW C. SHORT

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

Based on our review of the substance of relator Matthew C. Short's petition for writ of mandamus, we conclude that relator has not demonstrated himself entitled to the relief sought.[1]  *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that the relator bears the burden of providing this Court with a

---

[1] On April 27, 2012, real party in interest, Necole Jean Short, filed a motion to dismiss relator's mandamus, arguing that the parties had entered into an agreed final decree of divorce which allegedly disposed "of all claims and all parties and is not appealable."  In a response filed on April 30, 2012, relator acknowledged that the parties had entered into an agreed final decree of divorce; however, he asserted that the dispute regarding his indigence remains unresolved.  Neither party has provided this Court with a copy of the alleged agreed final decree of divorce.  Nevertheless, given our disposition of the underlying mandamus, we dismiss Necole's motion as moot.

sufficient record to establish his right to mandamus relief). Accordingly, relator's petition for writ of mandamus is denied.[2]

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Denied
Opinion delivered and filed May 23, 2012
[OT06]

---

[2] Relator's mandamus petition has numerous procedural deficiencies. Relator's petition lacks several of the requirements outlined in Texas Rules of Appellate Procedure 52.2 and 52.7. *See* TEX. R. APP. P. 52.2, 52.3. In particular, relator identified Necole as the respondent in this matter when she is the real party in interest—"[a] person whose interest would be directly affected by the relief sought." *Id.* at R. 52.2. It appears as if relator's complaints are directed at the Honorable Gary Coley Jr. of the 74th Judicial District Court in McLennan County, Texas, who would likely be the respondent. *See id.* In addition, relator's petition is not accompanied by "a properly authenticated transcript of any relevant testimony from any underlying proceeding" or "a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in the underlying proceeding." *See id.* at R. 52.7(a)(1)-(2). Relator asserts that such documents were not included because he is indigent, though the trial court appears to have denied his application to proceed in forma pauperis. Because of our disposition and to expedite this matter, we will implement Texas Rule of Appellate Procedure 2 to suspend these rules. *See id.* at R. 2.