

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00204-CR

## IN RE CHRISTOPHER KEITH SCHMOTZER

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding, Christopher Keith Schmotzer, a prison inmate, seeks mandamus relief against the Respondent, the Honorable J.D. Langley, judge of the 85th District Court, alleging that Respondent has failed to rule on Schmotzer's motion for DNA testing. Schmotzer filed with this Court a "Motion for Leave to file Writ of Mandamus pursuant to T.R.A.P. Rule 72.1," "Motion to Compel Trial Court to Comply with T.C.C.P. Art. 64.02(a)(2)," "Motion for Suspension of the rules pursuant to T.R.A.P. Rule 2," and "Declaration of Inability to Pay Cost." We consider the motion for leave to file and the motion to compel together as a "Petition for Writ of Mandamus."

Schmotzer asserts in his "petition" that he filed his motion for DNA testing on November 8, 2012 and has not received notice of any ruling on the motion. No motion for DNA testing, or any other document, was included with or attached to Schmotzer's petition. *See* TEX. R. APP. P. 52.3(k); 52.7. The State, however, attached a copy of the motion for DNA testing to its response. The motion was filed on November 14, 2012.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez*, 62 S.W.3d at 228. Mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court. *See In re Blackwell*, No. 10-13-00111-CV, 2013 Tex. App. LEXIS 4936, *3 (Tex. App.—Waco Apr. 18, 2013) (orig. proceeding) (mem. op.); *In re Flores*, No. 04-03-00449-CV, 2003 Tex. App. LEXIS 5263 (Tex. App.—San Antonio June 25, 2003, orig. proceeding) (mem. op.).

Schmotzer bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Douthit*, No. 10-12-00121-CV, 2012 Tex. App. LEXIS 3542 (Tex. App.—Waco May 2, 2012, orig. proceeding) (mem. op.*); In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Because

there is no record showing that Schmotzer brought the motion for DNA testing to the attention of the trial judge, we deny the petition, consisting of Schmotzer's motion for leave to file and motion to compel, without prejudice to filing a subsequent petition supported by a sufficient record to establish the trial court has not ruled on his motion after Schmotzer has taken reasonable efforts necessary to bring the motion to the attention of the trial court.

Further, because we denied Schmotzer's petition, his "Motion for Suspension of the rules pursuant to T.R.A.P. Rule 2" and any other pending motions are dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition denied
Motion dismissed
Opinion delivered and filed October 10, 2013
Do not publish
[OT06]