

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-15-00065-CR**

**IN RE FREDDIE LEE WALLACE**

_____

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Freddie Lee Wallace, an inmate, seeks a mandamus against the Honorable Travis Bryan, judge of the 272nd District Court, to compel Judge Bryan to rule on Wallace's motion for appointment of counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure. There are multiple procedural problems with Wallace's mandamus petition, such as no record is included with the petition, TEX. R. APP. P. 52.7, and the petition is not properly served (the clerk of this Court is not a party to the mandamus proceeding; however, the district court judge is), TEX. R. APP. P. 9.5, 52.2. However, we use Rule 2 of the Rules of Appellate Procedure to look beyond these problems and proceed to a timely disposition of this proceeding. *See* TEX. R. APP. P. 2.

Wallace contends in his petition that his motion for appointment of counsel has been on file with the district court for over a year and a half. The need to consider and rule on a properly filed and presented document is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty to act generally does not arise until the movant has brought the document to the trial judge's attention; and mandamus will not lie unless the movant makes such a showing, and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter with the clerk does not impute knowledge to the trial judge. *In re Samuelson*, No. 10-11-00460-CR, 2012 Tex. App. LEXIS 90, *4 (Tex. App.—Waco Jan. 4, 2012, orig. proceeding) (mem. op.).

Wallace bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Blackwell*, 2013 Tex. App. LEXIS 4936, 3-4 (Tex. App. Waco Apr. 18, 2013, orig. proceeding) (mem. op.); *In re Douthit*, No. 10-12-00121-CV, 2012 Tex. App. LEXIS 3542 (Tex. App.—Waco May 2, 2012, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). A proper record would contain the motion to appoint counsel and all documentary evidence like letters, if any, through which Wallace attempted to obtain a ruling, and responses, if any by the clerk or trial court. Because no record was included with Wallace's petition, we have no way of knowing whether the motion has been

pending for an unreasonable length of time, whether Wallace brought the motion to the trial court's attention, and whether the trial court failed or refused to rule on the motion.

Accordingly, Wallace's petition for writ of mandamus is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed March 19, 2015
Do not publish
[OT06]

