

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-15-00072-CV

## IN RE LONNIE SCHUTTPELZ

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding for a writ of mandamus, Relator Lonnie Schuttpelz complains of two *sua sponte* orders of Respondent Daniel Burkeen, the County Court Judge of Limestone County in the guardianship proceeding of Amandalee Ellen Sommerville. Six days later, Respondent signed another *sua sponte* order appointing an attorney ad litem for Sommerville.[1]

---

[1] We requested a response to the petition from the Respondent and from the attorney ad litem for Sommerville, but none has been filed. A respondent trial court judge typically does not file a response to a mandamus petition because the real party in interest typically does when one is requested. In this case, the Court expected the attorney ad litem for Sommerville, who is at least one of the real parties in interest, to file a response. Other real parties in interest may be Cen-Tex ARC and the Texas Department of Family and Protective Services, but that cannot be ascertained from the almost nonexistent record before us.

Schuttpelz's record shows that she was appointed the guardian of the person and estate of Amandalee Ellen Sommerville, an incapacitated person, in April 2008. Schuttpelz states elsewhere in the record that she is Sommerville's mother.

Respondent signed a *sua sponte* order on February 3, 2015; it orders that Sommerville "not be removed from Limestone County, pending the outcome of investigations currently underway by the State" and that "any visitation of the ward by any person not associated with the ward's current living placement, be supervised by personnel of Cen-Tex ARC or by the Texas Department of Family and Protective Services."

In response to the February 3, 2015 order, Schuttpelz filed an "emergency motion for status conference" in the guardianship proceeding on February 4 and requested an emergency status conference pertaining to the order and to pending allegations and investigations of sexual abuse of Sommerville. To date, Schuttpelz has not supplemented the record in this original proceeding with any other pleadings or records pertaining to her emergency motion, and Schuttpelz has not presented any evidence that she requested Respondent to schedule and hold a status conference or hearing and that Respondent failed or refused to do so.

In her petition's first issue, Schuttpelz complains that Respondent's February 3 *sua sponte* order violates due process because it was entered without notice to her, but no evidence in the record supports that assertion.[2] Schuttpelz asserts that the

---

[2] Schuttpelz's emergency motion for status conference complains that the order was ex parte, but it is not supported by her or her counsel's affidavit.

guardianship case is "closed," but nothing in the record supports that allegation. Schuttpelz's record includes her "Letters of Guardianship." That document does state that her appointment will expire on April 3, 2014 "unless renewed," but there is no evidence that it was not renewed or that the guardianship has been settled and closed under the Estates Code. *See* TEX. EST. & G'SHIP CODE ANN. §§ 1202.001, 1204.001 (West 2014). In fact, her record includes a December 18, 2014 "order approving report of guardian of the person;" this order seems to indicate that the guardianship was open as of that date. Respondent's two orders at issue also indicate that the guardianship is still open, as does Schuttpelz's filing of the emergency motion for status conference in the guardianship proceeding. If, however, the guardianship has been closed or Schuttpelz's appointment as guardian has expired, Schuttpelz does not explain how she would be entitled to notice or how she has the legal capacity to bring this original proceeding.

There is also a dearth of evidence in Schuttpelz's record regarding her guardianship of Sommerville and regarding Sommerville's condition, location, and current situation with respect to the allegations of sexual abuse and a pending investigation of those allegations.[3] Furthermore, nothing in the petition or the mandamus record provides any indication why Respondent might have signed the *sua sponte* order on February 3, 2015. While this Court is concerned about the apparent

---

[3] For example, Schuttpelz did not file an affidavit (her own or that of someone else with personal knowledge) that sets forth any of these matters.

entry of such an order without notice or hearing, it is difficult to conceive that Respondent entered such an order without a request or a basis for doing so.[4]

Schuttpelz bears the burden of providing a sufficient record to establish her right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). With no evidence of entitlement to notice and lack of notice, and with no evidence about Sommerville or the circumstances surrounding the entry of Respondent's February 3 *sua sponte* order, Schuttpelz has not met her burden of providing a sufficient record to establish her right to mandamus relief.[5] Issue one is overruled.

Respondent signed another *sua sponte* order on February 9, 2015 that appoints Scott Wilson as attorney ad litem for Sommerville on the belief that a need to protect her interests exists. In her second issue, Schuttpelz complains that this order removed her as Sommerville's guardian without notice or cause. We disagree with Schuttpelz's characterization of the order. By its own terms, it does not remove her as guardian; it merely appoints Wilson as attorney ad litem for Sommerville. Moreover, if, as Schuttpelz asserts, the guardianship has been "closed," or if her appointment as guardian has expired, this complaint would appear to lack merit. Issue two is overruled.

---

[4] The Texas Department of Family and Protective Services has filed a response and states that it did not file an action and request the relief granted in either order at issue.

[5] The Department's response also states that it does not oppose the mandamus relief requested by Schuttpelz, but nothing before us indicates the Department's roles, if any, in the guardianship proceeding or with Sommerville.

Having overruled both issues, we deny the petition for writ of mandamus without prejudice. Schuttpelz's motion for emergency relief is dismissed as moot.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray dissents with a note)*
Petition denied
Opinion delivered and filed April 30, 2015
[OT06]

*(Chief Justice Gray notes that the brief in response filed by Texas Department of Family and Protective Services states: "A review of the record shows that the Department had not filed an action requesting the relief granted prior to entry of the orders, no hearing was held, and thus the record does not contain evidence to support the orders. For these reasons, the Department does not oppose this Honorable Court granting mandamus relief to vacate the orders." The February 3, 2015 order prohibiting the removal of the ward is an *ex parte* temporary restraining order and as such it must set a date for a hearing. Because it does not, that order is void. If it was intended to be a temporary injunction order, it must also contain a hearing date of which all parties are entitled to notice thereof. If it is a temporary injunction, it too is void for the failure to set a hearing date. While the record that accompanies this petition for writ of mandamus is less than perfect, there is no record required beyond the face of the February 3, 2015 order to know that it is void. Also the February 9, 2015 order appointing an attorney *ad litem* for the ward effectively usurps and replaces the court appointed guardian from hiring an attorney if one is needed for the ward. But as the Court's opinion shows, there are possibly contrary indicators in the record provided to this Court as to whether the guardianship is closed. While the guardianship could have been extended as discussed in the opinion, the order referenced as approving the guardian's report could also have been the order approving the final report on the closing of the guardianship. That would implicate the relator's standing. As such, it is critical to making an informed decision that we obtain a response from Wilson, the appointed *ad litem*, before we dispose of this proceeding. Under these circumstances, Chief Justice Gray would order Wilson, the attorney *ad litem* appointed by one of the challenged orders, to file a response. For these reasons Chief Justice Gray dissents to

the denial of the petition for writ of mandamus at this time, but notes the Court's denial is without prejudice.)

