**DENY and DISMISS; and Opinion Filed July 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00659-CV

### IN RE ARNOLD D. DARDEN, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. W-06-00984**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

In this petition for writ of mandamus, relator complains that the trial court has not ruled on a post-conviction application for nunc pro tunc filed on April 18, 2016. Relator asks this Court to order the trial court to forward the application for judgment nunc pro tunc to this Court. Relator's petition is not certified as required by rule 52.3(j) of the rules of appellate procedure. Although this deficiency alone constitutes sufficient reason to deny mandamus relief, in the interest of judicial economy we address the petition.

Absent circumstances not present in this case, we have no mandamus jurisdiction to issue an order against the district clerk. TEX. GOV'T CODE § 22.221(a), (b) (West 2004); *In re Simpson*, 997 S.W.2d 939, 939 (Tex. App.—Waco 1999, orig. proceeding) ("The Government Code does not confer mandamus jurisdiction over District Clerks upon the courts of appeals."). We, therefore, have no jurisdiction to grant the relief requested.

To the extent relator asks the Court to order the trial judge to rule on the application for judgment nunc pro tunc, relator's petition is premature and does not include a record showing that he is entitled to mandamus relief. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.— Texarkana 2008, orig. proceeding) (noting trial courts are entitled to a reasonable time in which to rule); *see also In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.— Houston [14th Dist.] May 15, 2007, orig. proceeding) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting for submission or hearing).

We deny the petition for writ of mandamus to the extent it seeks an order requiring the trial judge to rule on the application for judgment nunc pro tunc and we dismiss the petition for want of jurisdiction to the extent it seeks relief against the district clerk.

/s/ David Bridges
DAVID BRIDGES
JUSTICE

160659F.P05

–2–