**DENY in Part and DISMISS in Part; Opinion Filed October 24, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01229-CV

## IN RE SIDNEY JOHNSON BIGHAM, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-30003-2014**

# MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Before the Court is relator's October 19, 2016 petition for writ of mandamus in which he complains of various actions of the Texas Department of Family and Protective Services (TDFPS) and the assigned TDFPS case worker. Relator asks the Court to order the trial court to sever the portion of the underlying case related to his daughter from the portion of the case related to his daughter's half-siblings of whom relator is not the father, and to transfer the severed portion of the underlying case to Dallas County. Alternatively, relator asks the Court to order TDFPS to bring the child back to Dallas County and to appoint a new case worker.

The petition does not include a supporting record or appendix as required by rules of appellate procedure 52.3(k) and 52.7. TEX. R. APP. P. 52.3(k), 52.7. As the party seeking relief, the relator has the burden of providing the Court with a sufficient record to establish his right to mandamus relief. *See, e.g., In re Jones*, No. 05-16-00230-CV, 2016 WL 836835 (Tex. App.—Dallas March 4, 2016, orig. proceeding) (mem. op.). Relator is not entitled to a writ ordering the

trial court to sever the portion of the underlying case relating to his daughter and transfer the severed portion of the underlying case to Dallas County because he has failed to provide a record showing that he sought the requested relief in the trial court, brought the motion to the trial court's attention, and asked for a hearing or ruling, and that the trial court denied the relief requested or refused to rule. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (noting trial courts are entitled to a reasonable time in which to rule and determining sixth month delay not unreasonable); *see also In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting for submission or hearing).

As for the request that this Court order the TDFPS to return the child to Dallas County and appoint a new case worker, this Court lacks jurisdiction to order TDFPS to act because TDFPS is not a judge of a district or county court in this Court's district, and compelling TDFPS to act is not necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power).

Accordingly, we **DENY** the petition to the extent relator asks the Court to order the trial court to sever the portion of the underlying case relating to his daughter and transfer the severed portion of the underlying case to Dallas County. We **DISMISS** the petition for want of jurisdiction to the extent relator asks the Court to order the TDFPS to take certain actions.

/s/ Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

161229F.P05

2