**DENY; and Opinion Filed January 31, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00070-CV

### IN RE MEDINET INVESTMENTS, LLC, Relator

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07743**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Schenck
Opinion by Justice Fillmore

Before the Court is relator's January 20, 2017 petition for writ of mandamus. In this original proceeding, relator complains that the trial court has refused to rule on relator's motion to compel arbitration and asks this Court to issue a writ of mandamus ordering the trial court to compel arbitration and stay all proceedings pending resolution of the arbitration.

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator has not shown entitlement to such relief here.

First, mandamus will not lie to compel the trial court to rule a certain way on an issue involving judicial discretion. *In re Duncan*, 05-15-00767-CV, 2015 WL 3947050, at *2 (Tex. App.—Dallas June 29, 2015, orig. proceeding) (mem. op.) (citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct

the trial court to make a decision, we may not tell the court what that decision should be."). Relator is, therefore, not entitled to the specific relief requested.

Second, to the extent we could construe the petition as alternatively seeking an order directing the trial court to rule on the motion to compel arbitration, the record is insufficient to support such relief. In proper cases, mandamus may issue to compel the trial court to rule on a properly-filed motion. *In re Blakeney*, 254 S.W.3d at 661. "Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Id.* Here, the only item in the appendix is the contract that contains the arbitration provision. Relator has not provided a copy of the court's docket sheet, the motion to compel arbitration, any responses to the motion, or any motions asking the court to hear or rule on the motion. It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); TEX. R. APP. P. 52.3(j), 52.3(k)(1)(a), 52.7(a). Relator has not met that burden here.

Accordingly, we deny relator's petition for writ of mandamus.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


170070F.P05