# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00128-CV

### In re Marshall Partain

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Marshall Partain, an inmate proceeding pro se, has filed a petition for writ of mandamus, asking the Court to direct the lower court to rule or act on his motion for restoration of property under Article 47.01a of the Texas Code of Criminal Procedure. He claims to have filed the motion in the court below on or about January 20, 2021.

When a mandamus petition is based on the allegation that the trial court has failed to rule on a properly filed motion, the relator must establish that the trial court (1) had a duty to rule on a motion, (2) was asked to rule on the motion, and (3) failed or refused to do so. *See In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.). Partain has failed to provide this Court with a copy of the motion or any supporting materials so there is no way for us to determine whether the motion was actually brought to the court's attention or even filed properly. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, no pet.) ("The trial court is not required to consider a motion unless it is called to the court's attention."); *see also* Tex. R. App. P. 52.3(a) (requiring a relator to file a record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding").

Moreover, even if the motion was properly filed and brought to the trial court's attention, the record before us does not show that the less than three-month delay here is unreasonable, especially when article 47.01a does not contain any express deadlines for resolving such motions. *See* Tex. Code Crim. Proc. art. 47.01a; *see also In re Whitfield*, 2018 WL 4140735, at *1 (explaining that "three months does not ordinarily constitute an unreasonable length of time for a motion to remain pending").

Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: April 16, 2021