# NO. 12-21-00133-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CARLOS DEMOND WILLIAMS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Carlos Demond Williams, acting pro se, filed this original proceeding to request a writ ordering Respondent to make a final disposition in trial court cause number DCCV21-2333-3, In the Matter of the Marriage of Carlos Demond Williams and LaQuinta Williams.[1] Relator filed an original petition for divorce on March 9, 2021. On or about June 30, Relator mailed completed interrogatories, a motion for default judgment, and a final decree of divorce, along with a letter requesting that the matter be placed on the docket. He maintains that the divorce is uncontested, but Respondent has not made a final disposition.

A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A trial court cannot be found to have abused its discretion until the complainant establishes that the court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*. A trial court cannot be expected to consider a request for a ruling that has not

---

[1] Relator names the Honorable Pam Fletcher, Judge of the 349th District Court in Houston County, Texas as the Respondent. However, the file marked copy of his petition for divorce reflects that it is filed in the 3rd District Court of Anderson County, Texas, over which the Honorable Mark Calhoon presides. Accordingly, Judge Calhoon is the proper Respondent. LaQuinta Williams is the Real Party in Interest.

been called to its attention.  *See id.*; *In re Boyd*, No. 07-19-00279-CV, 2019 WL 3756915, at *2 (Tex. App.—Amarillo Aug. 8, 2019, orig. proceeding) (mem. op.) (per curiam).

Relator's mere statement that his motion and other documents were filed is insufficient to reasonably infer that Respondent had notice of the pending divorce proceeding and of the need to act on it.  *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court).  And the record does not demonstrate that the letter Relator purportedly sent was ever actually received by Respondent.  *See In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[ ]").  Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that Respondent has not ruled on his petition or motions.  *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).  This is all particularly true given that Relator has apparently been operating under the belief that a judge other than the actual Respondent is handling his divorce proceeding.

Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.  *See Boyd*, 2019 WL 3756915, at *2 (Relator failed to establish that petition for divorce and motion for trial setting were brought to trial court's attention).  We **deny** the petition for writ of mandamus.

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-21-00133-CV**

**CARLOS DEMOND WILLIAMS,**
Relator
V.

**HON. MARK CALHOON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Carlos Demond Williams; who is the relator in appellate cause number 12-21-00133-CV and the petitioner in trial court cause number DCCV21-2333-3, pending on the docket of the 3rd Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on August 13, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*