

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00098-CR

IN RE JUAN COUNCIL

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Juan Council, pro se, filed a petition seeking a writ of mandamus against the Honorable Wes Tidwell, presiding judge of the 6th Judicial District Court of Lamar County, Texas. Council asks this Court to order the trial court to rule on various motions he filed with the court. Because Council failed to provide us with a sufficient record to support his entitlement to mandamus relief, we deny the petition.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Council's petition states that he filed several motions with the trial court including a motion for bond reduction, a motion to quash and dismiss indictment, a motion to dismiss, and a motion for a speedy trial. Council contends that the trial court failed to rule on these motions in a timely manner. Even so, Council has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the

2

appendix or record." TEX. R. APP. P. 52.3(j). Additionally, the appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," TEX. R. APP. P. 52.3(k)(1)(A), and that the record contain "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1).

Here, although the appendix contains copies of Council's motions, as well as other documents, they are neither certified nor sworn to be true and correct copies. Moreover, they do not demonstrate that his motions were presented to the trial court and do not show how long the motions have been pending since presentment.

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)). We may deny a petition for a writ of mandamus for an inadequate record alone. *See In re Blakeney*, 254 S.W.3d at 662.

Because Council has not shown himself entitled to the extraordinary remedy of mandamus, we deny his petition.

Charles van Cleef
Justice

Date Submitted:     May 11, 2023
Date Decided:       May 12, 2023

Do Not Publish