# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00120-CV

---

### In re Vincent Alonzo Corson

---

## ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Vincent Alonzo Corson, an inmate with the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus complaining of the trial court's alleged failure or refusal to rule on pending motions. Specifically, Corson alleges that motions for a bench warrant and for modification of a protective order have been pending since September of 2024. At this Court's request, the District Clerk for Bell County filed a supplemental record on July 23, 2025. The record includes docket entries indicating that, on four occasions between September of 2024 and June of 2025, the trial court reviewed and considered the pending motions and determined that notice had not been served on the person or persons protected by the order. The record further reflects that, on July 3, 2025, during the pendency of this original proceeding, Corson for the first time filed with the trial court a notice of service evincing his attempt to serve a protected person at her last known address by certified mail.

To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal duty to rule on his motion, (2) he made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Section 87.003 of the Family Code provides that notice of a motion to modify a protective order is sufficient if delivery of the motion is attempted on the respondent at the respondent's last known address by registered or certified mail as provided by Rule 21a, Texas Rules of Civil Procedure. Tex. Fam. Code Ann. § 87.003. Here, the record does not reflect service on the protected person before July of 2025—this month. Accordingly, Corson's petition fails to establish that his motion has been pending for an unreasonable length of time. *See, e.g., In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015) (orig. proceeding) (mem. op.) (concluding that delay of less than six months did not constitute unreasonable length of time under "failure to rule" analysis); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable).

Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Filed: July 30, 2025

2