

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00366-CV

**IN RE** Karla Castillon **DURAN**

Original Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
             Lori I. Valenzuela, Justice
             H. Todd McCray, Justice

Delivered and Filed: August 20, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator is a member of the Northside ISD board of trustees who is the defendant in a removal action initiated by the real party in interest under Subchapter B, Chapter 87 of the Local Government Code. On or about February 25, 2025, the court set the removal action for trial on July 7, 2025. Relator filed her petition for writ of mandamus and emergency stay of the trial proceedings on June 6, 2025. Relator requested a stay of the trial setting on July 7, 2025, a writ granting mandamus and vacating the order setting trial, and a writ directing the trial court to dismiss the removal action for want of jurisdiction because the Bexar County District Attorney has not joined the suit as required by statute. We granted the stay of the July 7, 2025 trial setting and

---

[1]This proceeding arises out of Cause No. 2024CI03892, styled *Robert C. Gonzalez v. Karla Castillon Duran, et al*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Norma Gonzales presiding.

requested a response from the real party in interest and respondent. The real party in interest filed a response on July 3, 2025, and relator has not filed a reply.

Relator's request that this court vacate the order granting the July 7, 2025, trial setting is now moot. The only relief requested and remaining is for this court to dismiss the removal action for want of jurisdiction.

The burden is on the relator to provide a sufficient record showing they are entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Generally, "[m]andamus relief requires existence of a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal to so act." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). As such, "mandamus relief…must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Id*.

A mandamus petition must include, as part of an appendix, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Relator is also required to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding… and…a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection complained." Tex. R. App. P. 52.7(a)

Relator has not provided any evidence that she has adequately presented her claims to the trial court and that the trial court has declined to rule or abused its discretion in issuing its ruling. We may deny a petition for writ of mandamus on an inadequate record alone. *See Blakeney*, 254 S.W.3d at 662; *In re Dias*, No. 04-24-00802-CV, 2025 WL 322866, at *1 (Tex. App.—San

Antonio Jan. 29, 2025, orig. proceeding) (denying petition for writ of mandamus on an inadequate record); *In re State ex rel. Glaser*, No. 06-20-00095-CR, 2020 WL 5163594, at *1 (Tex. App.—Texarkana Sept. 1, 2020, orig. proceeding) ("We may deny a petition for a writ of mandamus for an inadequate record alone.").

Relator has failed to establish her right to the relief sought based on the petition and records before us. The petition for writ of mandamus is **DENIED**.

PER CURIAM