

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00566-CV

**IN RE** Dalles **WIELENGA**

Original Proceeding[1]

PER CURIAM

Sitting:    Irene Rios, Justice
           Lori Valenzuela, Justice
           Lori Massey Brissette, Justice

Delivered and Filed: October 22, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus and motion for temporary relief complaining of a discovery order that required compliance prior to the filing of the petition for writ of mandamus, an allegedly void temporary injunction, and the respondent's alleged failure to rule on multiple motions. Relator also seeks an emergency stay of an alleged hearing on contempt and trial setting. We conclude relator has not provided a sufficient record to demonstrate he is entitled to the relief requested.

---

[1]This proceeding arises out of Cause No. 2025-CI-06225, styled *The Unauthorized Practice of Law Committee vs. Dalles Wielenga a/k/a Malibu Dallas and Truth Hurtz Consulting*, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Angelica Jimenez presiding.

Mandamus is an extraordinary remedy that will be granted only when the relator can show that the trial court has clearly abused its discretion or violated a duty imposed by law and that there is no adequate remedy by way of appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Marty, Inc.*, No. 04-20-00067-CV, 2020 WL 557076, at *1 (Tex. App.—San Antonio Feb. 5, 2020, no pet.). The requirements of mandamus dictate that relator provide a sufficient record showing entitlement to mandamus relief. *Walker*, at 827 S.W.2d 837; *see also* TEX. R. APP. P. 52.7(a). This record must include a certified or sworn copy of every document that is material to relator's claim that was filed in the underlying proceeding. TEX. R. APP. P. 52.7(a). We may deny a petition for a writ of mandamus for an inadequate record alone. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App. 2008).

"A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by appellant." *Econ. Opportunities Dev. Corp. of San Antonio v. Bustamante*, 562 S.W.2d 266, 267 (Tex. App.—San Antonio 1978, writ dism'd); *see also Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) ("A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion."). "[T]his court lacks jurisdiction over a moot case." *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (finding the voluntary withdrawal of a challenged discovery request did not moot the controversy because there was no assurance the request would not later be renewed). "A case or part of a case (like the discovery dispute here) will become moot if 'a

controversy ceases to exist.'" *Id.* (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005)).

With the exception of the August 20, 2025 order, Relator has not furnished the orders he challenges. Relator has also not demonstrated that he has presented his motions to the trial court and it has failed to consider them. Relator has not furnished a copy of any hearing transcript relevant to his petition for writ of mandamus and motion for emergency relief. Although relator claims that he has requested hearing transcripts, he has not provided proof of any actual requests.

The lone, enforceable order that relator complains of and included in the record is the August 20, 2025 discovery order that required compliance by August 25, 2025—two weeks before he filed his petition for writ of mandamus and motion for emergency relief. The period for compliance has passed. Relator has not demonstrated that any exception to the mootness doctrine applies.

Having reviewed the petition, the motion for temporary relief, the amended motion for temporary relief and motion for emergency stay, and the record presented, we conclude relator has not established he is entitled to the relief requested. Accordingly, the petition for writ of mandamus, the motion for temporary relief, and the amended motion for temporary relief and motion for emergency stay are **DENIED**.

PER CURIAM