

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00226-CR

## IN RE TANDY W. WILKERSON

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this mandamus proceeding, Tandy W. Wilkerson requests this Court to order 1) Barbara W. Axtell, the Robertson County District Clerk, to supply him with a "low cost" summary or index of the Clerk's Record; and 2) the Honorable Robert Stem, judge of the 82nd District Court, to rule on Wilkerson's motion to rescind the court's order withdrawing funds from Wilkerson's inmate account. There are procedural problems with this petition, including that it has not been served on the district clerk or the trial court judge as the respondents or the State as the real party in interest, TEX. R. APP. P. 9.5; 52.2, and no record is included with the petition, TEX. R. APP. P. 52.7. However, we use Rule 2 and look beyond these deficiencies to expedite the disposition of Wilkerson's petition. TEX. R. APP. P. 2.

As a Court of Appeals, we have no jurisdiction to compel a district clerk to act except to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Wilkerson has not alleged any need for this Court to protect that jurisdiction.

Accordingly, Wilkerson's petition as to the district clerk is dismissed for want of jurisdiction.

Further, the need to consider and rule on a properly filed and presented document is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). Wilkerson bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Blackwell*, No. 10-13-00111-CV, 2013 Tex. App. LEXIS 4936, 3-4 (Tex. App.—Waco Apr. 18, 2013, orig. proceeding) (mem. op.); *In re Douthit*, No. 10-12-00121-CV, 2012 Tex. App. LEXIS 3542 (Tex. App.—Waco May 2, 2012, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). A proper record would contain the motion to rescind the court's order withdrawing funds from Wilkerson's inmate account and all documentary evidence like letters, if any, through which Wilkerson attempted to obtain a ruling, and responses, if any by the clerk or trial court. Because no record was included with Wilkerson's petition, we have no way of knowing whether the motion has been pending for an unreasonable length of time and whether the trial court failed or refused to rule on the motion.

Accordingly, Wilkerson's petition as to the trial court is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed in part and denied in part
Opinion delivered and filed July 2, 2015
Do not publish
[OT06]

