# NO. 12-19-00031-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CHARLES D. DEARING, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Charles D. Dearing, Jr., acting pro se, filed this original proceeding in which he appears to challenge Respondent's failure to rule on his pretrial application for writ of habeas corpus.[1] We deny the writ.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–

---

[1] Respondent is the Honorable Leann Kay Rafferty, Judge of the 123rd District Court in Shelby County, Texas. The State of Texas is the Real Party in Interest.

CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See **In re Chavez***, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See **id***.

On October 15, 2018, Relator sent the Shelby County District Clerk a letter stating that his application for writ of habeas corpus is enclosed and requesting that the application be filed for a hearing. The letter is file marked October 22. In his application, Relator alleged that he had been imprisoned since his arrest on November 16, 2017, without due process or a trial. He complained of being held without reasonable bail, denied a speedy trial, and falsely imprisoned. In a letter to the clerk, file marked October 29, Relator stated that he sent an application for writ of habeas corpus on October 18, 2018.

Relator's letters to the Shelby County District Clerk are insufficient to establish that Relator's application was brought to Respondent's attention.[2] *See **In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also **Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Nor do the documents provided by Relator indicate that Respondent was afforded or had notice of Relator's application. Because Relator has not demonstrated that he brought his pretrial application for writ of habeas corpus to Respondent's attention, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered February 6, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Nor does this Court have mandamus authority over the district clerk in this case. *See **In re McCreary***, No. 12-17-00292-CR, 2017 WL 4321170 (Tex. App.—Tyler Sept. 29, 2017, orig. proceeding) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2019**

**NO. 12-19-00031-CR**

**CHARLES D. DEARING, JR.,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Charles D. Dearing, Jr.; who is the relator in Cause No. 12-19-00031-CR and the applicant in trial court cause number CR 2018-20416, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 30, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*