# NO. 12-19-00383-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE MARLIN GILMER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Joe Marlin Gilmer, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to rescind a withdrawal order.[1] We deny the writ.

### PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

### AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–

---

[1] Respondent is the Honorable Chris B. Martin, Judge of the 294th District Court in Van Zandt County, Texas. The State of Texas is the Real Party in Interest.

CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

According to Relator, he was convicted of aggravated assault in 2017[2] and he filed his motion on September 26, 2019. Relator's appendix includes: (1) a September 26, 2019 letter to the Van Zandt County District Clerk presenting his motion for filing and requesting presentment to the court, and (2) a September 26, 2019 letter to the trial court administrator requesting that his motion be brought to the court's attention.

Relator's correspondence with the District Clerk is insufficient to establish that his motion to rescind withdrawal order was brought to Respondent's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). And the record does not evidence that the letter to the court coordinator was actually received. *See In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[]"). Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion. *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion).

Even assuming Respondent received notice of the motion and has not yet ruled, he still has a reasonable time in which to rule once the matter is called to his attention. *See Thomas*, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable

---

[2] Relator did not appeal his conviction and his application for writ of habeas corpus with the court of criminal appeals was subsequently denied. *See Ex parte Gilmer*, WR-88,873-01 (Tex. Crim. App. Mar. 6, 2019) (order).

time period." ***Chavez***, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." ***Id***. at 228–29. In this case, Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See **id***. at 229. Therefore, assuming that Relator's motion was brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See **id***. at 228–29; *see also **In re Halley***, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, no pet.) (mem. op.) (six month delay not unreasonable length of time for motion to remain pending). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered December 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 4, 2019**

**NO. 12-19-00383-CR**

**JOE MARLIN GILMER,**
Relator
V.

**HON. CHRIS B. MARTIN,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-19-00383-CR and the defendant in trial court cause number CR-15-00226, which is no longer pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on November 20, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*