# NO. 12-20-00072-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CRAIG MACK,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Craig Mack, acting pro se, filed this original proceeding to request that this Court order Respondent to "respond to all legal documents not previously ruled on and to refrain from further conspiracy, retaliation, deprivation of rights, prohibited racial discrimination – hideous hate crime acts."[1] Attached to Relator's petition for writ of mandamus is a lengthy motion, dated February 6, 2020, in which Mack asserts breach of the official oath of office, obstruction of court, and multiple other complaints.[2] The motion is not file marked. In his petition, Relator specifically complains of the lack of a ruling on this motion.[3] No other motions are attached to the petition.

---

[1] Respondent is the Honorable C. Michael Davis, Judge of the 369th District Court in Anderson County, Texas. Relator also lists the Anderson County District Clerk as a Respondent. The District Clerk is not a judge over which this Court has mandamus jurisdiction, nor does the record demonstrate that issuance of a writ of mandamus against the District Clerk is necessary to protect this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power); *see also In re Eaton*, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk).

[2] The record is not clear as to the person or persons designated as Real Party or Parties in Interest. However, in a previous mandamus proceeding involving the same trial court cause number, Bryan Collier, Hillis R. Wilcox, and Kisha Stotts are listed as Real Parties in Interest. *See In re Mack*, No. 12-19-00238-CV, 2019 WL 3024757 (Tex. App.—Tyler July 10, 2019, orig. proceeding) (mem. op.).

[3] Neither Relator's motion nor his petition is a model of clarity. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made); *see also* ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.) (pro se litigants are held to same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel); ***Joseph v. Willis***, No. 05-16-00995-CV, 2017 WL 1427713, at *1 (Tex. App.—Dallas Apr. 18, 2017, no pet.) (mem. op.) (although reviewing

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id.*

Here, Relator has not provided any documentation to demonstrate that he took actions to call his motion to Respondent's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Even assuming Respondent is aware of the motion and has not ruled, he has a reasonable time in which to rule once the matter is called to his attention. *See Thomas*, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *Chavez*, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id.* at 228–29.

The record does not demonstrate if or when Relator's motion was filed, but it is dated February 6, 2020. Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See id.* at 229. Therefore, assuming that Relator's motion was brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See id.* at 228–

---

court construes briefing rules liberally, brief fails if it makes a court guess about complaints, search record for facts that may be favorable to party's position, or conduct legal research that might support contentions made; this is so even if party is pro se and untrained in law).

29; *see also **In re Halley***, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, no pet.) (mem. op., not designated for publication) (six month delay not unreasonable length of time for motion to remain pending). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief. We ***deny*** Relator's petition for writ of mandamus.

Opinion delivered March 4, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 4, 2020

NO. 12-20-00072-CV

**CRAIG MACK,**
Relator
V.

**HON. C. MICHAEL DAVIS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Craig Mack; who is the relator in appellate cause number 12-20-00072-CV and a party to trial court cause number DCCV-19-0862-369, in the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on March 2, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*