

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-20-00095-CR

_____

## IN RE THE STATE OF TEXAS EX REL. RICHARD E. GLASER

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

This petition for a writ of mandamus is brought by the State of Texas on behalf of Richard E. Glaser, the district attorney of Fannin County (Relator). Relator asserts that Respondent, the Honorable Laurine J. Blake, presiding judge of the 336th Judicial District Court of Fannin County, has issued (1) an order appointing an attorney for Cornelius A. Titus, an inmate at the Bill Clements Unit of the Texas Department of Criminal Justice, and (2) an order appointing Dr. Steven Schneider to evaluate Titus for competency. Relator complains that Respondent lacks jurisdiction and authority to issue the complained-of orders and requests that this Court issue mandamus relief ordering Respondent to vacate the orders.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain this required certification. In addition, the appellate rules require that the appendix contain "a certified or sworn

2

copy of any order complained of, or any other document showing the matter complained of," and that the record contain "a certified or sworn copy of every document that is material to the relator's claim and that was filed in any underlying proceeding." TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Although Relator's appendix contains copies of orders and other documents, they are not certified or sworn.

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding)). On the record presented, we cannot say that Relator has established a right to the relief it has requested. We may deny a petition for a writ of mandamus for an inadequate record alone. *See Blakeney*, 254 S.W.3d at 662.

Since Relator has not shown itself entitled to the extraordinary remedy of mandamus, we deny the petition for a writ of mandamus.[1]

Scott E. Stevens
Justice

Date Submitted:     August 31, 2020
Date Decided:       September 1, 2020

Do Not Publish

---

[1]Relator also filed a motion for temporary relief and asked this Court to enter a temporary order suspending any proceeding in the trial court associated with the complained-of orders. Because of our disposition of the petition for writ of mandamus, we deny Relator's motion.

3