# NO. 12-21-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRANDON EARL CROCKER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Brandon Earl Crocker, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to reform the judgment.[1] The record reflects that Relator's counsel filed a motion to reform the judgment on October 15, 2020.[2] Accordingly, the record demonstrates that Relator is represented by counsel.[3] A criminal defendant is not entitled to hybrid representation. ***Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Relator must look to appointed counsel for representation in this original proceeding. *See **In re Bice***, No. 12-12-00038-CR, 2012 WL 2033131, at *1 (Tex. App.—Tyler June 6, 2012, orig. proceeding) (mem. op., not designated for publication). The absence of a right to hybrid representation means Relator's pro se petition for writ of mandamus presents nothing for this

---

[1] Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[2] We note that a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). And a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Relator provides no documentation to demonstrate that he took actions to call his motion to Respondent's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Chavez*, 62 S.W.3d at 228. Even assuming that the motion was brought to Respondent's attention, we cannot say that a reasonable time for ruling has passed. *See Chavez*, 62 S.W.3d at 228–29; *see also In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, no pet.) (mem. op., not designated for publication) (six month delay not unreasonable length of time for motion to remain pending).

[3] There is no indication that counsel has withdrawn from Relator's case in the trial court below.

court to review.  *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *see also In re Searcy*, No. 14-20-00481-CR, 2020 WL 4012007, at *1 (Tex. App.—Houston [14th Dist.] July 16, 2020, orig. proceeding) (mem. op., not designated for publication) (per curiam); *Bice*, 2012 WL 2033131, at *1.  Therefore, we *deny* the petition for writ of mandamus.

Opinion delivered January 13, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 13, 2021

NO. 12-21-00002-CR

**BRANDON EARL CROCKER,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Brandon Earl Crocker; who is the relator in appellate cause number 12-21-00002-CR and the defendant in trial court cause number 241-0571-20, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 5, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*