# NO. 12-21-00026-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DEMETRIC LEWIS ALFRED,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Demetric Lewis Alfred, acting pro se, filed this original proceeding to challenge Respondent's failure to grant DNA testing.[1]  We deny the writ.

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.).  However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

Assuming Relator filed a motion for DNA testing, the record does not indicate when any such motion was filed.  Moreover, the mere statement that a document was filed is insufficient to reasonably infer that the trial court had notice of the filed document and of the need to act on it. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing

---

[1] Respondent is the Honorable Paul E. White, Judge of the 159th District Court in Angelina County, Texas. The State of Texas is the Real Party in Interest.

motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also* **Chavez**, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). The record does not indicate that, in this case, Relator took any steps to ensure that the trial court was afforded or had notice of any motion for DNA testing filed by Relator. *See* **Chavez**, 62 S.W.3d at 228. Absent such a showing, Relator has not established an entitlement to mandamus relief. *See* **In re Wheeler**, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention). Accordingly, we *deny* Relator's petition for writ of mandamus.

Opinion delivered April 7, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**APRIL 7, 2021**

**NO. 12-21-00026-CR**

**DEMETRIC LEWIS ALFRED,**
Relator
V.

**HON. PAUL E. WHITE,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Demetric Lewis Alfred; who is the relator in appellate cause number 12-21-00026-CR and the defendant in trial court cause number CR22090, formerly pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on February 22, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*