# NO. 12-21-00097-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *STEVEN DUANE CHANDLER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Steven Duane Chandler, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to reform the judgment to remove costs.[1] He contends that Respondent abused his discretion by ordering Relator to pay a fine, court appointed attorney's fees, and restitution without first conducting a hearing to determine whether Relator's financial status changed.

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

---

[1] Respondent is the Honorable Chris B. Martin, Judge of the 294th District Court in Van Zandt County, Texas. The State of Texas is the Real Party in Interest.

Relator's motion is file marked January 22, 2021, but the mere filing of the motion is insufficient to reasonably infer that Respondent had notice of the filed document and of the need to act on it. *See **In re Blakeney***, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also **Chavez***, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). In this case, Relator does not demonstrate any steps taken to ensure that the trial court was afforded or had notice of his motion. *See **Chavez***, 62 S.W.3d at 228. Absent such a showing, Relator has not established an entitlement to mandamus relief. *See **In re Wheeler***, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention). Accordingly, we ***deny*** Relator's petition for writ of mandamus. All pending motions are overruled as mute.

Opinion delivered July 7, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 7, 2021

NO. 12-21-00097-CR

**STEVEN DUANE CHANDLER,**
Relator
V.

**HON. CHRIS B. MARTIN,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Steven Duane Chandler; who is the relator in appellate cause number 12-21-00097-CR and the defendant in trial court cause number CR17-00354, formerly pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on July 2, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3