

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00092-CR

---

IN RE KENNETH WYLIE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

On August 19, 2021, Relator Kenneth Wylie filed a petition seeking a writ of mandamus against the Honorable J. Clay Gossett, presiding judge of the Fourth Judicial District Court, regarding matters in Rusk County. In his petition, Wylie asserts that Judge Gossett failed to rule on Wylie's "Motion for Nunc Pro Tunc" and asks this Court to issue a writ of mandamus compelling the trial court to rule on his motion. We deny the petition.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain the required certification. In addition, the appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of" and that the record contain "a certified or sworn copy of every document that is

material to the relator's claim and that was filed in any underlying proceeding." TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Relator has failed to comply with the rule.

Moreover, Relator has alleged that the trial court failed to rule on his "Motion for Nunc Pro Tunc." That said, Relator submitted nothing to this Court showing any proof that he brought this matter to the attention of the trial court, as is required. *See In re Blakeney*, 254 S.W.3d at 662.

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)). On the record presented, we cannot say that Relator has established a right to the relief he has requested. We may deny a petition for a writ of mandamus for an inadequate record alone. *See In re Blakeney*, 254 S.W.3d at 662.

Since Relator has not shown himself entitled to the extraordinary remedy of mandamus, we deny the petition for a writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 31, 2021
Date Decided:       September 1, 2021

Do Not Publish

3