

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00037-CR
_____

IN RE BRIAN KEITH MELTON

_____

Original Mandamus Proceeding

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Brian Keith Melton, proceeding pro se, filed a petition seeking a writ of mandamus against the Honorable Andrew Bench, presiding judge of the 196th Judicial District Court, regarding matters in Hunt County. As best we can discern from his petition, Melton asks this Court to order the trial court to rule on his motion to vacate the judgment of conviction in his case. Because Melton failed to provide us with a sufficient record to support his entitlement to mandamus relief, we deny the petition.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding)); *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Melton's petition states that, on August 23, 2021, he filed a motion to vacate the judgment of conviction in his case. On August 24, 2021, he filed a request for a ruling on his motion, and on October 8, 2021, he filed an amended motion to vacate. Even so, Melton has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded

that every factual statement in it is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Additionally, the appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," TEX. R. APP. P. 52.3(k)(1)(A), and that the record contain "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1).

Here, although the appendix contains copies of the indictment, judgment, motion, request for ruling, and amended motion stamped "filed," as well as unstamped and unsworn copies of the record from two different hearings, the documents are neither certified nor sworn to be true and correct copies. Moreover, they do not demonstrate that his motions were presented to the trial court and do not show how long the motions have been pending before the trial court, assuming they were presented.

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)). We may deny a petition for a writ of mandamus for an inadequate record alone. *See In re Blakeney*, 254 S.W.3d at 662.

Because Melton has not shown himself entitled to the extraordinary remedy of mandamus, we deny his petition.

Scott E. Stevens
Chief Justice

Date Submitted:     March 6, 2023
Date Decided:       March 7, 2023

Do Not Publish