# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00445-CV

### In re Wardell Moore

### ORIGINAL PROCEEDING FROM FAYETTE COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Wardell Moore, an inmate in the Texas Department of Criminal Justice, has filed a petition for writ of mandamus seeking unspecified relief. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

The petition does not make clear the precise nature of the relief sought or the person or persons to whom the requested writ should issue. The petition can be read in part as complaining of a trial judge's failure to recuse, but Moore has not provided this Court with any record, any copies of his motions or the orders thereon, or any other documents, let alone file-stamped copies to show that a properly filed motion is pending before the trial court. To the extent Moore seeks relief that is within this Court's jurisdiction to grant, it is the relator's burden to properly request and establish entitlement to such relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Roberts*, No. 03-12-00513-CV, 2012 WL 3629367, at *2 (Tex. App.—Austin Aug. 21, 2012, no pet.) (mem. op.); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex.

App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). "In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief." *Roberts*, 2012 WL 3629367, at *1 (citing *Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Based on the record that Moore has provided, we conclude that he has failed to show his entitlement to mandamus relief. Accordingly, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: August 9, 2023