# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00616-CV

---

**In re Sabian A. Alexander**

---

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Sabian A. Alexander has filed an ambiguously captioned appellate submission purporting to consolidate multiple writ petitions, complaining inter alia of an "order to administer psychoactive medication" and seeking unspecified relief. Having reviewed the filing, we treat the submission as a petition for writ of mandamus and deny the petition. *See* Tex. R. App. P. 52.8(a).

The petition does not make clear the precise nature of the relief sought nor the person or persons to whom the requested writs should issue. The caption refers to Travis County Probate Court No. 1, and the body of the petition makes reference to the 427th District Court in Travis County, Texas, both of which courts are within this Court's appellate district. Alexander has not provided this Court with any record, however, nor any copies of motions or the orders thereon, let alone certified or file-stamped copies to show that a properly filed motion is pending before either of the referenced courts. To the extent Alexander seeks relief that is within this Court's jurisdiction to grant, it is Alexander's burden to properly request and establish entitlement to such relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Roberts*,

No. 03-12-00513-CV, 2012 WL 3629367, at *2 (Tex. App.— Austin Aug. 21, 2012, no pet.) (mem. op.); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). "In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief." *Roberts*, 2012 WL 3629367, at *1 (citing *Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Based on his failure to provide any record, we conclude that Alexander has failed to show an entitlement to relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: October 20, 2023