# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00739-CV

---

**In re Brianna N. Bowen**

---

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Brianna N. Bowen has filed a pro se petition for writ of mandamus complaining of various alleged procedural irregularities in the underlying suit affecting the parent-child relationship. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). In this regard, relator must provide the reviewing court with a record sufficient to establish relator's right to the relief sought. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.— Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition a record consisting of "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); 52.3(k)

(specifying required contents for appendix, including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). Although her petition indicates that she attaches supporting exhibits, Bowen has not in fact provided this Court with any certified or file-stamped copy of any document filed in the underlying proceeding or of any complained-of order.

Bowen does allege that the trial court failed to sign the final order, thus "obstructing [relator's] right to appeal." To the extent Bowen intends to complain of an abuse of discretion for failure to rule, she must show that: (1) the trial court had a legal duty to rule, (2) she made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (citing *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992)). Here, however, the record does not reflect that relator moved for entry or demanded a ruling on any such motion. On this record, it is impossible to determine whether relator's demand for a ruling, if any, has been pending for an unreasonable length of time. *See, e.g., In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (concluding that delay of less than six months did not constitute unreasonable length of time under "failure to rule" analysis); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable).

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly and Theofanis

Filed:   October 2, 2025