

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00595-CV

**IN RE** Joey **HERNANDEZ**

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: October 22, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus on September 18, 2025 seeking an order directing respondent to admit and consider specific evidence, credit certain payments to child support obligations, and vacate a contempt finding. Relator has not provided an appendix or mandamus record.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994)) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.

---

[1]This proceeding arises out of Cause No. 2016EM504786, styled *Joey Hernandez v. Dulce Estrella Casas*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Marisa Flores presiding.

proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* Tex. R. App. P. 52.3, 52.7(a).

Rule 52.3(k)(1)(B) requires Relator to provide an appendix including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3. Rule 52.7(a) likewise requires Relator to include a "properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). "Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding)). We may deny a petition for a writ of mandamus for an inadequate record alone. *See Blakeney*, 254 S.W.3d at 662.

Relator has not established that he is entitled to the relief requested. The petition for writ of mandamus is **DENIED**.

PER CURIAM