

# NUMBER 13-26-00114-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE 7-ELEVEN, INC. D/B/A STRIPES AND SANDRA URIBE

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators 7-Eleven, Inc. d/b/a Stripes (7-Eleven) and Sandra Uribe assert that the trial court[2] abused its discretion by failing to rule on 7-Eleven's motions for severance and Uribe's motion for Rule 91a dismissal within a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-0065-24-M in the 476th District Court 1 of Hidalgo County, Texas, and the respondent is the Honorable Nereida Lopez Singleterry. *See id.* R. 52.2.

reasonable period. *See* TEX. R. CIV. P. 91a (governing the dismissal of "baseless causes of action"). We dismiss the petition for writ of mandamus as moot in part, and we conditionally grant relief in part.

## I. BACKGROUND

In the underlying litigation, real parties in interest Irma Moreno and Zaya Zavala filed suit against relators and Juan Francisco Briones for causes of action including battery, negligent undertaking, negligence, premises liability, and gross negligence. The real parties alleged, in short, that Briones, a manager at a Stripes store, committed acts of sexual violence and rape against them, and that Uribe, another manager, failed to act appropriately regarding these actions. The real parties complained that 7-Eleven did not fire Briones and failed to address a "culture of sexual violence" at its stores.

On March 5, 2024, 7-Eleven filed a plea to the jurisdiction regarding Zavala's claims based on her failure to exhaust administrative remedies under the Texas Labor Code. *See generally* TEX. LAB. CODE § 21.201–.211. On July 18, 2024, the trial court granted 7-Eleven's plea to the jurisdiction and dismissed all of Zavala's claims with prejudice.[3] On October 24, 2024, 7-Eleven filed a motion to sever Zavala's claims against it from Zavala's pending claims against Briones. On December 4, 2024, the trial court signed an amended order granting 7-Eleven's plea to the jurisdiction.

7-Eleven thereafter filed motions seeking summary judgment on Moreno's claims against it. On October 22, 2024, the trial court signed two separate orders granting

---

[3] Zavala filed a notice of appeal regarding this order; however, she later filed a motion to dismiss the appeal on grounds that the order was not a final and appealable order. This Court granted that motion. *See Zavala v. 7-Eleven, Inc.*, No. 13-24-00370-CV, 2024 WL 3818556, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2024, no pet.) (mem. op.).

summary judgment in 7-Eleven's favor. On November 4, 2024, 7-Eleven filed a motion to sever Moreno's claims against it from her pending claims against Briones.

On May 22, 2025, the trial court set a hearing on 7-Eleven's motions for severance for June 11, 2025. The trial court held a hearing on that date; however, the trial court did not issue a ruling on 7-Eleven's motions for severance. On August 1, 2025, 7-Eleven filed a "Motion to Re-Visit and Re-Urge Severance" of Zavala's and Moreno's claims against it. On August 4, 2025, the trial court set a hearing on 7-Eleven's motion for September 4, 2025.

In the interim, on August 15, 2025, Uribe filed a Rule 91a motion to dismiss all claims against her as baseless. *See* TEX. R. CIV. P. 91a. On August 18, 2025, the trial court set Uribe's Rule 91a motion to dismiss for hearing on September 4, 2025.

The September 4, 2025 hearing on 7-Eleven's "Motion to Re-Visit and Re-Urge Severance" and Uribe's Rule 91a motion to dismiss was passed. The record does not include the rationale for the cancellation of this hearing. On September 5, 2025, the trial court again set 7-Eleven's "Motion to Re-Visit and Re-Urge Severance" and Uribe's Rule 91a for hearing on October 2, 2025. The trial court held a hearing on that date as noticed; however, the trial court did not issue rulings on these motions.

On January 28, 2026, relators filed this petition for writ of mandamus asserting that the trial court abused its discretion by failing to rule on 7-Eleven's motions for severance and Uribe's Rule 91a motion. The Court ordered the real parties to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.5, 52.8. The real parties filed a response asserting that the petition for writ of mandamus has been rendered moot by

3

subsequent orders, and that mandamus relief is improper because relators have not requested a ruling on Uribe's Rule 91a motion and the trial court has not refused to rule.

## II. MANDAMUS

Mandamus relief is an extraordinary remedy available only when (1) the trial court clearly abused its discretion, and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

## III. SEVERANCE

The real parties argue that this original proceeding has been rendered moot because on January 29, 2026, the trial court issued two orders relevant to the relators' claims herein. First, the trial court signed an order denying 7-Eleven's "Motion to Re-Visit and Re-Urge Severance." Second, Moreno had filed a motion to reconsider the trial court's rulings on 7-Eleven's motions for summary judgment, and the trial court granted Moreno's motion for reconsideration, vacated the prior orders granting summary judgment, and denied 7-Eleven's motions for summary judgment.

4

We agree, in part, with the real parties' arguments. Specifically, the trial court has now denied 7-Eleven's motions for severance, thus rendering 7-Eleven's contentions regarding the failure to rule on these motions as moot. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see generally In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam). However, we do not agree with the real parties' contention that this original proceeding has been rendered moot in its entirety because the trial court's January 29, 2026 orders do not address Uribe's Rule 91a motion to dismiss. Accordingly, we dismiss the petition for writ of mandamus as moot, in part, as to 7-Eleven's contentions regarding the trial court's failure to rule on its motions for severance, and we proceed to address the trial court's failure to rule on Uribe's Rule 91a motion to dismiss.

## IV.    RULE 91A MOTION TO DISMISS

Relators assert that the trial court abused its discretion by failing to rule on Uribe's Rule 91a motion. In contrast, the real parties assert that "the trial court has now ruled on the previously pending motion[s] and any remaining issues can be addressed through the ordinary trial and appellate process." The real parties further assert that "mandamus is not appropriate when [relators have] not first sought relief from the trial court," and the trial court has not refused to rule on Uribe's motion.

5

**A.     Rule 91a**

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see In re First Resrv. Mgmt., L.P.*, 671 S.W.3d 653, 659 (Tex. 2023) (orig. proceeding). This rule authorizes the dismissal of a cause of action "if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought" or if "no reasonable person could believe the facts pleaded." *In re Oncor Elec. Delivery Co.*, 716 S.W.3d 525, 531 (Tex. 2025) (orig. proceeding) (quoting TEX. R. CIV. P. 91a.1); *see In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266. The purpose of Rule 91a is to require the early and speedy dismissal of baseless claims. *In re Butt*, 495 S.W.3d 455, 460 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding); *see In re City of Houston*, No. 01-24-00629-CV, 2024 WL 4846843, at *3 (Tex. App.—Houston [1st Dist.] Nov. 21, 2024, orig. proceeding) (per curiam). In this regard, Rule 91a.3 provides that "[a] motion to dismiss must be . . . granted or denied within [forty-five] days after the motion is filed." TEX. R. CIV. P. 91a.3. This "deadline is directory, not jurisdictional." *MedFin Manager, LLC v. Stone*, 613 S.W.3d 624, 628 (Tex. App.—San Antonio 2020, no pet.) (collecting cases). "If a trial court fails to rule on a Rule 91a motion within the prescribed [forty-five] day period, a party is entitled to mandamus relief." *In re City of Houston*, 2024 WL 4846843, at *4; *see In re Joel Kelley Ints., Inc.*, No. 05-19-00559-CV, 2019 WL 2521725, at *1 (Tex. App.—Dallas June 19, 2019, orig. proceeding) (mem. op.) (conditionally granting mandamus relief for the failure to rule on a Rule 91a motion).

**B.     Failure to Rule**

To obtain relief for the trial court's failure to rule on a motion, the relator in an original proceeding must establish: (1) the motion was properly filed and the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 49–50 (Tex. App.—El Paso 2021, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re ADUSA Transp. LLC*, No. 13-25-00146-CV, 2025 WL 1351539, at *2 (Tex. App.—Corpus Christi–Edinburg May 8, 2025, orig. proceeding) (mem. op.). The relator must show that the trial court was aware of the motion and relator asked the trial court to issue a ruling. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. We determine whether a reasonable time for the trial court to act has elapsed based on the circumstances of the case. *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. We determine each case "based upon the totality of the facts and circumstances." *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2.

**C.     Analysis**

The real parties filed an amended petition including claims against Uribe on May 30, 2025, and Uribe filed her Rule 91a motion to dismiss on August 15, 2025. Uribe's Rule 91a motion was set for hearing on September 4, 2025; however, that hearing was

passed, and the motion was ultimately heard on October 2, 2025. Despite the clear requirement in Rule 91a.3 for the motion to be granted or denied within forty-five days after filing, or by September 29, 2025, the trial court nevertheless failed to issue a ruling on Uribe's motion. *See* TEX. R. CIV. P. 91a.3(c).

Rule 91a explicitly provides an affirmative duty to rule on a Rule 91a motion within a specific period. *See* TEX. R. CIV. P. 91a.3. Here, Uribe procured a hearing on her Rule 91a motion. The real parties concede that "[t]he hearing addressed the merits of Uribe's dismissal request." Thus, we conclude that the trial court was aware of Uribe's motion and her request for a ruling. *See In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d at 710; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. Further, considering the totality of the facts and circumstances present here, including the intended purpose of a Rule 91a motion as an expedited procedure and the statutory requirement for the trial court to rule on such motions within a specified period of time, we conclude that the trial court failed to comply with its ministerial duty to rule on Uribe's Rule 91a motion to dismiss within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *see also In re ADUSA Transp. LLC*, 2025 WL 1351539, at *2. Without addressing the merits of the pending Rule 91a motion, we conclude that Uribe is entitled to mandamus relief regarding the trial court's failure to rule. *See In re City of Houston*, 2024 WL 4846843, at *4; *In re Joel Kelley Ints., Inc.*, 2019 WL 2521725, at *1–2.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, and the applicable law, is of the opinion that the petition for writ of mandamus is moot, in part, and that relators have met their

8

burden to obtain mandamus relief, in part. Accordingly, we dismiss the petition for writ of mandamus as moot, in part, regarding 7-Eleven's motions for severance, and we conditionally grant the petition for writ of mandamus, in part, regarding Uribe's Rule 91a motion to dismiss. We direct the trial court to immediately issue a ruling on Uribe's Rule 91a motion. Our writ will issue only if the trial court fails to act promptly in accordance with this memorandum opinion.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
19th day of February, 2026.